IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROLINA CASUALTY INSURANCE
COMPANY,
                    **Plaintiff,**

vs.                                              Civ. No. 09-1183 JCH/RHS

NANODETEX CORPORATION,
ALAN P. SYLWESTER, and
ANGELO L. SALAMONE,

                    **Defendants,**
and

NANODETEX CORPORATION,
ALAN P. SYLWESTER, and
ANGELO L. SALAMONE,

                    **Counterclaimants,**

vs.

CAROLINA CASUALTY INSURANCE
COMPANY and MONITOR LIABILITY
MANAGERS, INC.,

                    **Counter-Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff/Counter-Defendant Carolina Casualty Insurance Company ("Carolina") and Counter-Defendant Monitor Liability Managers, Inc.'s ("Monitor") *Motion for Leave to File Amended Answer to Counterclaims to Assert Affirmative Defenses*, filed September 1, 2010 [Doc. 31]. After considering the motion, briefing, and relevant law, and being otherwise fully informed, the Court finds that Counter-Defendants' motion should be GRANTED in part and DENIED in part.

**BACKGROUND**

This case has its genesis in an earlier lawsuit.  As relevant to this case, the precipitating facts are as follow: Carolina issued a Director and Officers Liability Insurance policy and a Corporate Liability Insurance policy to Nanodetex Corporation ("NDX") for the policy period of September 22, 2005 to September 22, 2006.  On September 28, 2005, NDX filed civil action number 05-cv-1041 in the United States District Court for the District of New Mexico against Sandia Corporation.  NDX later amended its complaint to add Defiant Technologies and several of Defiant's principals.  NDX's complaint asserted multiple causes of action, including breach of contract, deceptive trade practices, tortious interference, and conversion.  Sandia filed a counterclaim against NDX, seeking a declaratory judgment and asserting causes of action for breach of contract, fraud, and defamation.  Defiant also filed a counterclaim against NDX and NDX principals Alan Sylwester and Angelo Salamone, asserting causes of action for malicious abuse of process, defamation, tortious interference, prima facie tort, and civil conspiracy.

Upon receipt of notice of the counterclaims, Carolina agreed to pay the reasonable fees and costs of independent counsel to defend NDX and its principals, subject to a reservation of rights.  NDX selected and engaged the independent counsel of its choice to defend the counterclaims against it, as well as to pursue its affirmative claims.  NDX and Sandia settled the claims that they had against each other.  Defiant's claims against NDX for tortious interference and malicious prosecution, however, proceeded to trial.  Although the parties engaged in settlement negotiations, they failed to reach an agreement.  On November 21, 2007, the court entered judgment on a jury verdict against NDX and its principals, awarding Defiant $1 million for malicious abuse of process, $1 in nominal damages for tortious interference, and $1 million in punitive damages, as well as attorneys' fees and costs.  NDX appealed the verdict, but the

judgment was affirmed.

Carolina contends that the judgment entered against NDX and its principals is not covered under either of the policies that it issued.  NDX contends that the judgment against it is covered by the policies, and that Carolina is obligated to pay the entire judgement, even to the extent that it exceeds the remaining policy limits.  Carolina therefore filed the instant suit, seeking a declaratory judgment that it has no obligation to indemnify any Defendant for the Defiant judgment because the policies contain an exclusion for losses associated with a claim made for malicious prosecution.  In the alternative, Carolina asserts that its liability for the judgment, if any, is limited by the policies' limits on liability.

NDX, Mr. Sylwester, and Mr. Salamone ("Counterclaimants") filed counterclaims against Carolina and its adjuster, Monitor, asserting claims for: (1) breach of contract and the covenant of good faith and fair dealing; (2) breach of fiduciary duty; (3) violation of the New Mexico Unfair Practices Act; and (4) violation of the New Mexico Insurance Code.  *See* Doc. 12.  Counter-Defendants filed their initial Answer to the counterclaims on April 26, 2010.  *See* Doc. 20.  On September 1, 2010, Counter-Defendants filed the instant motion, seeking to amend their Answer.  *See* Doc. 31.[1]  Counter-Defendants' proposed amended Answer appears to be the same as its initial Answer with the exception that it seeks to add three affirmative defenses: (1) the policies exclude coverage for losses incurred from claims for malicious prosecution; (2) any damages awarded to Counterclaimants should be apportioned according to the respective fault of all entities who contributed to the injury; and (3) under NMSA § 41-3A-1, the liability, if any, of Counter-Defendants for Counterclaimants' damages must be several rather than joint, and it shall

---

[1] Pursuant to the Joint Status Report [Doc. 22], the deadline for amending pleadings was September 1, 2010.  Thus, Counter-Defendants' motion is timely.

be liable only for the amount of damages allocated to it in direct proportion to its respective percentage of fault.

## ANALYSIS

Under Fed. R. Civ. P. 15(a)(2), the Court shall "freely give" leave to amend pleadings "when justice so requires." The Court may deny leave to amend a pleading, including an Answer, if such amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009). Counterclaimants do not object to Counter-Defendants' attempt to add their first affirmative defense to their Answer. *See* Doc. 32 at 2. This affirmative defense simply mirrors the claim Carolina and Monitor make in Claim I of their Complaint seeking declaratory judgment, namely that they have no liability for claims based on malicious prosecution. In the absence of objection, Counter-Defendants will be granted leave to amend their Answer to add this affirmative defense. Counterclaimants object to Counter-Defendants' attempts to add their second and third affirmative defenses to their Answer, however, claiming futility.

The proposed second and third affirmative defenses seek to assert theories of comparative fault and apportionment of liability. Though Counter-Defendants do not specify the basis for their affirmative defenses in their proposed amended Answer, they apparently intend to introduce evidence of the analysis and predictions that the defense counsel chosen by NDX made prior to trial of the underlying lawsuit, and the effect of that analysis on Counter-Defendants' decision not to settle the case. *See* Doc. 34 at 3. The futility of Counter-Defendants' proposed second and third affirmative defenses lies not in the relevance of the evidence that they seek to introduce, but rather in the fact that the principles of comparative fault and apportionment of liability are not applicable to the claims asserted by Counterclaimants.

In general, the law of comparative fault applies in negligence cases, and holds that a tortfeasor will be held liable only for the portion of damages attributable to his own negligence. *See Tafoya v. Rael*, 145 N.M. 4, 9 (2008). None of the claims being contested by Counter-Defendants are negligence based. Instead, they are based on an alleged breach of contract and covenant of good faith, an alleged breach of fiduciary duty, and alleged violations of the New Mexico Unfair Practices Act and New Mexico Insurance Code. Thus, the concept of comparative fault is not applicable as a defense to these claims. Although the New Mexico Uniform Jury Instructions enable a defendant insurance company to raise a policyholder's dishonesty as an affirmative defense to a bad faith claim, a situation not at issue in this case, an affirmative defense is not available to such claims based on the principle of comparative fault. *See* N.M.U.J.I. 13-1710, 13-1711, *See also Jessen v. Nat'l Excess Ins. Co.*, 108 N.M. 625, 629 (1989); *Dellaria v. Farmers Ins. Exch.*, 136 N.M. 552, 555 (Ct. App. 2004) (both holding that an insurer's duty of good faith and fair dealing is non-delegable, so that even if the insurer delegates performance of duties to third parties, it remains liable for any breach of the duty of good faith).

The Court acknowledges that, although Counter-Defendants are precluded from asserting as an affirmative defense the comparative fault of a third party, it recognizes that the actions of the other entity may be relevant and may be used in defending the claims against them. Evidence such as defense counsel's reports, analysis, and predictions is relevant to Counter-Defendants' assertions that they acted in good faith and did not violate any of their duties to Counterclaimants, and its use may be proper. *See, e.g., American Physicians Assurance Corp. v. Ham*, no. 08-cv-638 (D.N.M. 2009), Doc. 206 at 3 (evidence of the substance of defense counsel's reports to the insurer about his predictions regarding the outcome of the case at trial is relevant because it has a direct bearing on the bad faith failure to settle and related claims).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Counter-Defendants' *Motion for Leave to File Amended Answer to Counterclaims to Assert Affirmative Defenses* [Doc. 31] is GRANTED in part and DENIED in part.  Counter-Defendants will be allowed to amend their Answer to assert their first proposed affirmative defense, but are precluded from asserting their second or third proposed affirmative defenses.  Counter-Defendants should modify their proposed amended Answer, attached as Ex. 1 to Doc. 31, to reflect this ruling and file their new amended Answer within five working days.

Dated this 14th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE