IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CAROLINA CASUALTY INSURANCE
COMPANY,**

    Plaintiff,

vs.                                                                        Civ. No. 09-1183 JCH/RHS

**NANODETEX CORPORATION,
ALAN P. SYLWESTER,** and
**ANGELO L. SALAMONE,**

    Defendants,

and

**NANODETEX CORPORATION,
ALAN P. SYLWESTER,** and
**ANGELO L. SALAMONE,**

    Counterclaimants,

vs.

**CAROLINA CASUALTY INSURANCE
COMPANY** and **MONITOR LIABILITY
MANAGERS, INC.,**

    Counter-Defendants.

## ORDER ON MOTIONS TO COMPEL

**THIS MATTER** comes before me on Defendants/Counter-Plaintiffs Nanodetex Corporation's ("NDX"), Alan Sylwester's, and Angelo Salamone's (hereinafter "Defendants") *First Motion to Compel*, filed November 19, 2010 [Doc. 41]; and on their *Second Motion to Compel*, filed January 11, 2011 [Doc. 71]. Plaintiff/Counter-Defendant Carolina Casualty Insurance Company initiated this litigation by filing a Complaint seeking a declaration whether the insurance policy it issued to Nanodetex Corporation covered claims for malicious abuse of process in an underlying

suit brought against Nanodetex Corporation, and whether its liability to Defendants under that policy is limited to amounts remaining on that policy. Defendants seek to compel Carolina Casualty and Counter-Defendant Monitor Liability Managers, Inc. (hereinafter collectively referred to as "Plaintiffs"[1]) to completely respond to several interrogatories regarding Defendants' breach-of-insurance-contract, breach-of-fiduciary-duty and insurance-bad- faith counterclaims against Plaintiffs arising from that underlying lawsuit against Nanodex.

FED. R. CIV. P. Rule 26(b)(1) permits discovery, "unless otherwise limited by court order," of "any nonprivileged matter that is relevant to any party's claim or defense information" that "appears reasonably calculated to lead to the discovery of admissible evidence," subject to the limitations on frequency and extent provided in subsection (2) of the Rule. Under FED. R. CIV. P. 26(b)(2)(c), the court may limit the scope or extent of discovery if it determines that

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Otherwise, the interrogatory must be answered "fully," FED. R. CIV. P. 26(b)(2)(4), and "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond," FED. R. CIV. P. 37(a)(4).

> [D]iscovery decisions necessarily involve an assessment of the anticipated burdens and benefits of particular discovery requests in discrete factual settings, while at the same time also requiring the trial judge to take account of the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the ability of the proposed discovery to shed light on those issues, among many other things.

---

[1] I am aware that Monitor is "solely a counterdefendant" Doc. 55 at 2, but because many of the challenged interrogatories were issued to both Monitor and Carolina, I refer to them in the remainder of the Order as "Plaintiffs" solely for convenience and efficiency.

*Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, 647 (10th Cir. 2008).

## I. Carolina Casualty Interrogatory No. 4

Interrogatory number 4 requests Carolina Casualty to state the amount of reserves for indemnity and expenses it had set aside for the claims asserted against the Defendants in the underlying action, and to identify all changes in those reserve amounts. Plaintiff objected to providing this information on the basis it is not reasonably calculated to lead to the discovery of admissible evidence. I agree with the Defendants that the interrogatory is probative of how the Plaintiff evaluated the claims against the Defendants in the underlying action, and whether it changed its evaluation in light of subsequent events and reports indicating that a jury would most likely render a verdict against the Defendants in excess of their insurance policy limits. Even if evidence of the amount of reserves may not be evidence of an admission of liability or the actual value of a claim, such evidence is probative of Defendants' counterclaims for bad faith because it may show whether the Plaintiff properly investigated the claims against the Defendants in the underlying case or unfairly balanced its interests against those of their insured when refusing to settle the claims against the Defendants for amounts within the policy limits. *See In Re Sloan v. State Farm Mut. Auto. Ins. Co.,* 135 N.M. 106, 108, 85 P.3d 230, 232 (2004) (holding that, "under New Mexico law, a punitive-damages instruction should be given to the jury in every common-law insurance-bad-faith case where the evidence supports a finding . . . in failure-to-settle cases (those arising from a breach of the insurer's duty to settle a third-party claim against the insured in good faith), that the insurer's failure or refusal to settle was based on a dishonest or unfair balancing of interests. An insurer's frivolous or unfounded refusal to pay is the equivalent of a reckless disregard for the interests of the insured, and a dishonest or unfair balancing of interests is no less reprehensible than reckless disregard . . . ."); *Lipton v. Superior Court,* 48 Cal. App. 4th 1599, 1614

(Cal. App. 2nd Dist. 1996) (noting that "loss reserve information might have *some* relevance to the question of whether a likelihood of an excess verdict existed or the insurer had conducted a proper investigation or given reasonable consideration to all of the factors involved in a specific case which might expose its insured to an excess verdict" and that an insurer's evaluation of a case is "information which might well lead to discovery of evidence admissible on any number of issues which commonly are presented in bad faith actions"). Carolina Casualty shall fully answer interrogatory number 4.

**II. Carolina Casualty Interrogatory No. 9 (Monitor Interrogatory No. 10)**

These interrogatories asked the Plaintiffs to describe the information provided by each person who participated in answering the interrogatories. Plaintiffs objected to answering on three grounds: an unspecific assertion that the question is overly broad and burdensome; and that, in their opinion, this question was more suited to being answered at a deposition. They also contend that they had already identified three Monitor employees with knowledge of "the proceedings in the underlying lawsuit," and that Defendants could ask them what they know at their depositions. Doc. 55 at 4. I reject these objections. Under FED. R. CIV. P. 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity." Simply contending that a question is overly broad or burdensome without explaining why – so that the Court may properly assess the alleged burdens and balance the parties' interests – is not sufficient. *See* FED. R. CIV. P. 26(b)(2)(c); *Regan-Touhy,* 526 F.3d at 647; 10A FED. PROC., L. Ed. § 26:576 (citing cases for the principles that "[a] party cannot simply intone the familiar litany that the interrogatories are burdensome, oppressive, or overly broad; rather, the party objecting to an interrogatory bears the burden to make a specific, concrete showing of reasons why an interrogatory should not be answered. Affidavits or other evidence revealing the nature of the burden should be supplied. Claims of burdensomeness which

are wholly conclusory will not prevail.") (footnotes omitted).  Further, interrogatory 9 (10) asks for discrete information readily available – it is neither overbroad nor burdensome.

As to the frivolous objection that Defendants could obtain the information in depositions, parties may not dictate to one another how they should obtain information, and Defendants could reduce deposition expenses if they knew in advance which corporate officers or employees actually supplied the information the Plaintiffs did reveal in their answers to interrogatories.  Plaintiffs shall fully answer interrogatory 9 (10).

**III.  Carolina Casualty Interrogatory No. 10 (Monitor Interrogatory No. 11)**

This interrogatory asks the Plaintiffs whether, in the last ten years, they have received any complaints from an insured regarding the failure to settle a claim against an insured for an amount within policy limits, and if so, to state the nature and substance of each such complaint. Plaintiffs objected on the grounds such information is not reasonably calculated to lead to the discovery of admissible evidence, and again with an unsupported assertion that the interrogatory was overly broad and burdensome.  As the Defendants point out, the answer may show that the Plaintiffs have engaged in a pattern or practice of refusing to settle valid claims within policy limits, thereby committing an unfair insurance-claims practice within the meaning of § 59A-16-20E of the New Mexico Insurance Code.  Section 59A-16-20E prohibits, either by knowingly committing or performing "with such frequency as to indicate a general business practice," an insurer from committing an unfair or deceptive practice, which includes "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear").  The cases cited by Plaintiffs in their response brief are distinguishable, and I reject Plaintiffs' unsupported contention that "it would be necessary to contact each insured to obtain permission for disclosure of such records" of complaint, particularly for those complaints that are

in the public record.  In its response, the Plaintiffs now also attempt to support their contention that the interrogatory is overly burdensome because they do not maintain "electronic claim file records" or "list[s]" either of claims or of lawsuits filed against them for refusal to settle valid claims within policy limits, and their database does not have a sufficient search function to electronically find that information, thus identification of such claims or complaints would require "an extremely time-consuming examination of thousands of claims," the burden and cost of which would outweigh the benefit to the Defendants.  Doc. 55 at 8-9.  I disagree with the Plaintiffs' assessment of the burden/benefit analysis, but I will limit discovery of such material to five years preceding the Defendants' claim.  Otherwise, Plaintiffs shall fully answer the interrogatory number 10 (11).

### IV. Carolina Casualty Interrogatories Nos. 12 and 13 (Monitor Interrogatories Nos. 13 and 14)

These interrogatories ask the Plaintiffs to: 1) identify all persons who participated in the decision not to settle the underlying action; 2) describe their roles in the decision-making process; 3) identify all persons with knowledge of the reasons the Plaintiffs did not settle the underlying action; and 4) provide a summary of facts known by each such person. In response, the Plaintiffs refused to answer these interrogatories, in part, because they objected to the characterization that there was a decision not to settle the underlying action, and in part because they were overly broad, burdensome and "more suited to inquiry by deposition." I agree with the Defendants that all of these objections are frivolous.  The Plaintiffs shall answer Interrogatories number 12 and 13 (13 and 14).

### V. Carolina Casualty Interrogatories Nos. 16-19 (Monitor Interrogatories No. 17-20)

Interrogatory number 16(17) asks the Plaintiffs to identify all persons with knowledge of facts supporting the Plaintiffs' denial of Defendants' contention that the Plaintiffs "failed to settle within the limits of the remaining insurance coverage under the Carolina Casualty policy, even

although they were advised there was substantial likelihood of an adverse judgment that would exceed policy limits." Interrogatories Nos. 17, 18 and 19 (Monitor Interrogatories Nos. 18, 19, and 20) ask the Plaintiffs to identify all persons with knowledge of facts supporting the Plaintiffs' denial of the Defendants' allegations that: 1) several offers of settlement within policy limits were made in the underlying action; 2) the Plaintiffs failed to contribute any other than a small amount of the remaining policy limits in response to such offers; and 3) that at the time those offers were extended, some if not all of the claims pending against the Defendants in the underlying litigation were claims covered by the insurance policy issued to the Defendants by Carolina Casualty.

The Plaintiffs again refused to answer on the objection that the interrogatories were overly broad and burdensome and "more suited to inquiry by deposition." As to questions 17-19, the Plaintiffs referred the Defendants to a list of persons having knowledge of facts relating to their denial of the Defendants' allegations, which is an incomplete response – and therefore a failure to respond. The objections are frivolous and the Plaintiffs shall fully answer Interrogatories 16-19 (17-20).

**VI.  Carolina Casualty Interrogatory No. 20 (Monitor Interrogatory No. 21)**

This interrogatory asks the Plaintiffs to state all facts supporting the Third and Fourth affirmative defenses contained in the Plaintiffs' proposed Amended Answer to the Defendants Counterclaims. Judge Herrera denied part of the Plaintiffs' motion to amend their answer, *see* Doc. 56, and the Plaintiffs' amended answer as filed contains only the same affirmative defense as in their original answer. *See* Docs. 61, 20. The motion to compel on this interrogatory, therefore, is moot and will be denied.

**VII.  Remaining issues in the first motion to compel.**

Because the parties either were able to resolve the conflicts or the motion has been

withdrawn regarding certain requests, *see* Doc. 62 at 11, the remaining issues in the first motion to compel are now moot.

## VIII. Second motion to compel.

Because Plaintiffs provided "additional descriptive information regarding the privileged or protected nature of three of the seven documents at issue, and its withdrawal of attorney-client and attorney-work product objections to other documents at issue," Defendants have withdrawn this motion, and it will be denied as moot. *See* Doc. 87 at 1.

**IT IS ORDERED** that the first motion to compel [Doc. 41] is granted in part and denied in part as moot and that the Plaintiffs shall fully answer the interrogatories as provided in this Order;

**IT IS FURTHER ORDERED** that the second motion to compel [Doc 71] is denied as moot;

**IT IS FURTHER ORDERED** that, under FED. R. CIV. P. 37(a)(5), the Defendants shall submit affidavits and supporting documentation regarding their attorney fees "incurred in making" the first motion to compel, and that, if they desire, Plaintiffs may respond, within 20 days of the Defendants' filing, by submitting affidavits and arguments challenging the reasonableness of those fees.

_Robert Hayes Scott_
**UNITED STATES MAGISTRATE JUDGE**

8