IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLINA CASUALTY INSURANCE
COMPANY,

       Plaintiff,

vs.                                                                        Civ. No. 09-1183 JCH/RHS

NANODETEX CORPORATION, ALAN P.
SYLWESTER and ANGELO L. SALAMONE,

       Defendants,

and

NANODETEX CORPORATION, ALAN P.
SYLWESTER and ANGELO L. SALAMONE,

       Counterclaimants,

vs.

CAROLINA CASUALTY INSURANCE
COMPANY and MONITOR LIABILITY
MANAGERS, INC.,

       Counterdefendants.

## ORDER GRANTING DEFIANT'S MOTIONS TO QUASH

**THIS MATTER** comes before the Court on Defiant Technologies, Inc.'s Motion to

Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

Premises in a Civil Action Directed to Bauman, Dow & Leon, P.C. ("Motion to Quash I") **[Doc.
83]**, Defiant Technologies, Inc.'s Motion to Quash Subpoena to Produce Documents,

-1-

Information, or Objects or to Permit Inspection of Premises in a Civil Action Directed to McGuire Woods ("Motion to Quash II") **[Doc. 84]** and Defiant Technologies, Inc.'s Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Directed to Baker & McKenzie ("Motion to Quash III") **[Doc. 85]**, all filed on January 31, 2011.  Having reviewed the parties' submissions and being otherwise advised in the premises, the Court concludes that the motions should be granted.

On February 14, 2011, Plaintiff Carolina Casualty filed a response brief entitled "Carolina Casualty's Response to Bauman, Dow & Leon's Motion to Modify or Quash, and to Defendants' and Bauman, Dow & Leon's Motions for Protective Order" ("Response") **[Doc. 88]**.  As Defiant correctly notes, Plaintiff's Response contains "no argument . . . with regard to the positions set forth in Defiant's original Motions." (Reply in Support of Defiant Technologies, Inc.'s Motions to Quash Subpoenas to Produce Documents [Docs. 83, 84, 85] ("Reply") at 1-2 ¶¶ 2-3, filed Feb. 25, 2011 **[Doc. 91]**).  Indeed, it does not appear that any party or non-party has filed a response in opposition to any of Defiant's Motions to Quash.[1]  Defiant asserts that "Carolina Casualty appears to concede Defiant's request that the Court quash these Subpoenas so as to preclude the production of Confidential Information or Highly Confidential Information that Defiant produced in the Underlying Lawsuit." (Reply at 2 ¶ 3).  The Court agrees.

**WHEREFORE**,

**IT IS ORDERED** that Defiant's Motion to Quash I **[Doc. 83]**, Motion to Quash II **[Doc. 84]** and Motion to Quash III **[Doc. 85]** are **granted** and the respective subpoenas are hereby

---

[1] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

**quashed** to the extent they seek documents produced by Defiant in the Underlying Lawsuit that have been designated as Confidential Information or Highly Confidential Information.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE