IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROLINA CASUALTY INSURANCE
COMPANY,
                  Plaintiff,

vs.                                                      Civ. No. 09-1183 JCH/RHS

NANODETEX CORPORATION,
ALAN P. SYLWESTER, and
ANGELO L. SALAMONE,

                  Defendants,
and

NANODETEX CORPORATION,
ALAN P. SYLWESTER, and
ANGELO L. SALAMONE,

                  Counterclaimants,

vs.

CAROLINA CASUALTY INSURANCE
COMPANY and MONITOR LIABILITY
MANAGERS, INC.,

                  Counter-Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff/Counter-Defendant Carolina Casualty Insurance Company's ("Carolina") and Counter-Defendant Monitor Liability Managers, Inc.'s ("Monitor") *Motion for Partial Summary Judgment on the Issue of Damages Available on Counterclaimants' Counterclaim*, filed May 16, 2011 [Doc. 126], as well as two motions filed by Defendants/Counterclaimants Nanodetex Corporation, Alan P. Sylwester, and Angelo L. Salamone: a *Second Motion for Partial Summary Judgment*, filed April 21, 2011 [Doc. 115], and a *Motion for Partial Summary Judgment on the Issue of How Much Coverage Remained on*

*Defendants' Diminishing Limits Insurance Policy at the Time Offers of Settlement Were Made*, filed April 25, 2011 [Doc. 117]. After considering the motions, briefing, and relevant law, and being otherwise fully informed, the Court finds that Carolina and Monitor's motion [Doc. 126] should be GRANTED, that Nanodetex's Second Motion for Partial Summary Judgment [Doc. 115] should be GRANTED as limited herein, and that Nanodetex's motion on how much insurance coverage remained [Doc. 117] should be DENIED.

## BACKGROUND

The Court has compiled an extensive background of this case in a prior Memorandum Opinion and Order [Doc. 154]. An abbreviated version, with additional facts relevant to the motions currently pending, will suffice here. At all times relevant to this lawsuit, Defendants/Counterclaimants Alan Sylwester ("Sylwester") and Angelo Salamone ("Salamone") have been Officers and Directors of Nanodetex Corporation ("Nanodetex"). Beginning in June 2004, Nanodetex's Board of Directors set the executive salaries of Sylwester and Salamone at $180,000 per year. On November 21, 2007, a federal district court entered judgment on a jury verdict against Nanodetex and its principals in a separate lawsuit ("the underlying suit"), awarding Defiant Technologies ("Defiant") $1 million for malicious abuse of process, $1 in nominal damages for tortious interference with prospective business relationships, and $1 million in punitive damages, as well as attorneys' fees and costs. The jury's verdict did not specify whether it awarded the $1 million in punitive damages on the malicious abuse of process claim or the tortious interference claim. Nanodetex appealed the verdict, but the judgment was affirmed. In order to appeal the verdict, Nanodetex had to post a supersedeas bond in excess of $2 million.

Carolina issued a Director and Officers Liability Insurance policy and a Corporate Liability Insurance policy ("the Policy") to Nanodetex and its principals for the policy period at

issue in the underlying suit. The Policy provided $1 million in coverage, with the available policy limit reduced by the litigation costs and attorneys' fees paid for by Carolina. At the heart of this case is Nanodetex's claim that Carolina acted in bad faith by failing to settle claims made against Nanodetex in the underlying lawsuit when Defiant made settlement offers that were within the remaining policy limits. Among other claims, Nanodetex seeks to recover the amount of the judgment it had to pay to Defiant plus interest and damages for loss of use of the money used to post the supersedeas bond. In addition, Sylwester and Salamone seek to recover their lost salaries dating from June 2008, the last time that Nanodetex was able to pay their salaries. Sylwester and Salamone contend that, because Nanodetex's money was tied up in the supersedeas bond that it had to post as a result of Carolina's failure to settle Defiant's claims within remaining policy limits, Nanodetex was deprived of the ability to pay their salaries.

## DISCUSSION

  A. <u>Carolina's Motion on Damages Available on Counterclaim</u>

Carolina[1] makes two arguments regarding Sylwester and Salamone's claims for lost salary. First, it contends that Nanodetex's abandonment of its claim for lost business opportunities included abandonment of its claim for lost salaries. Second, it argues that the claims for lost salary are duplicative of certain of Nanodetex's claims, and would therefore constitute a prohibited double recovery. Because the Court finds that compensating Sylwester and Salamone for their lost salaries while also compensating Nanodetex for the damages it paid to Defiant in the underlying suit would result in a prohibited duplication of damages, it need not reach the issue of whether the lost salary claim was abandoned by Counterclaimants.

---

[1] Although both Carolina and Monitor are Counter-Defendants, for ease of reference the Court will refer to their joint arguments as being made by the singular "Carolina."

Under New Mexico law, "[d]uplication of damages or double recovery for injuries received is not permissible." *Hood v. Fulkerson*, 102 N.M. 677, 680 (1985). Because "[t]he general theory of damages is to make the injured party whole," it follows that "[w]here there are different theories of recovery and liability is found on each, but the relief requested was the same, namely compensatory damages, the injured party is entitled to only one compensatory damage award." *Id*. Nanodetex does not dispute this general principle, and even cites *Hood* for this proposition in its briefing. *See* Response to Carolina's Motion for Partial Summary Judgment [Doc. 138] at 11. Instead, Nanodetex argues that compensating Sylwester and Salamone for their lost salaries while at the same time compensating Nanodetex for the full amount of the Defiant judgment would not constitute a double recovery because the claims of the individuals are separate from the claims of the company.

Sylwester and Salamone are seeking damages for salaries lost as a result of Carolina's failure to settle the claims in the underlying litigation, which they contend resulted in Nanodetex being unable to pay salaries it would otherwise have paid, while Nanodetex seeks recovery of the damage award it had to pay as a result of Carolina's failure to settle. Nanodetex argues that *Hood* is inapplicable because this case does not involve one plaintiff attempting to recover the same damages twice under two different legal theories, but instead represents multiple plaintiffs (Nanodetex and the individual plaintiffs) seeking to recover separate damages under one consistent theory (failure to settle). *See* Nanodetex Response [Doc. 138] at 12.

This is a distinction without a difference. Regardless of the mechanism at issue in *Hood*, the underlying principle, that compensatory damages must be limited to what it takes to make the injured party whole, remains undisputed. In this case, the accrued back salaries of Sylwester and Salamone are a corporate obligation of Nanodetex. *See* Deposition of Angelo Salamone, attached

as Ex. 1 to Nanodetex Resp. [Doc. 138], at 46:10-49:23. If Nanodetex recovered the full amount of damages that it paid to Defiant in the underlying suit (as well as interest), it could use a portion of this recovery to pay the back salaries of Sylwester and Salamone, thereby extinguishing a corporate obligation. At this point, Nanodetex, Sylwester, and Salamone would each be made whole, and would be in the same position as if Nanodetex had not had to pay the underlying judgment and had paid the salaries as they accrued. On the other hand, enabling Nanodetex to retain the full amount of damages paid to Defiant at the same time that Sylwester and Salamone recover their back salary would result in a windfall. Under this scenario, either Nanodetex would unfairly benefit from keeping the full amount of the Defiant damages, enabling it to extinguish a significant corporate obligation without having to make a corresponding payment, or Sylwester and Salamone would have their back salaries paid once by Nanodetex and again by Carolina. In either case, inclusion of deferred salaries as an element of damages would result in an impermissible double recovery. Thus, the Court finds that deferred salaries are not available as an element of damages on Nanodetex's counterclaim, and Carolina's motion for partial summary judgment on this issue is granted.

  B. <u>Nanodetex's Second Motion for Partial Summary Judgment on Coverage</u>

The jury in the underlying case awarded compensatory damages on Defiant's claim of malicious abuse of process, nominal damages on its tortious interference with prospective business relationships, and unspecified punitive damages. In a previous Memorandum Opinion and Order, the Court ruled that the Policy did not provide coverage for claims of malicious abuse of process. *See* Doc. 154. Nanodetex now seeks a ruling "on the issue of whether the exclusions in Defendant's insurance policy precluded coverage for claims of tortious interference with prospective business relationships." Nanodetex's Second Motion for Partial Summary Judgment

[Doc. 115] at 1.  Nanodetex contends that, although Carolina has not sought a declaration that the exclusions in the Policy preclude coverage for tortious interference with prospective business relationships, Counter-Defendant Monitor made such an assertion in a reservation of rights letter related to the underlying case.  Nanodetex seeks clarification on this issue prior to trial.

In its Response, Carolina points out that the exclusion referred to by Monitor in its reservation of rights letter "applies only if there is a judgment against the insured that is 'based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the gaining of any profit or advantage to which an insured was not legally entitled.'"  Carolina Response [Doc. 121] at 2.  The reservation of rights letter stated that "there is no coverage under the Policy for any profit or advantage that any Insured was not legally entitled to, *should a final adjudication adverse to any Insured establish that any Insured gained such profit advantage*."  Reservation of Rights Letter, attached as Ex. 3 to Doc. 115, at 2 (emphasis added).  In other words, it is not possible to determine whether the referenced exclusion is operative until after a claim has been adjudicated.  Rather than denying coverage, Carolina merely reserved its rights to decline coverage in the event that a judgment was entered in the underlying case that established that Nanodetex had gained an illegal profit or advantage.  No such judgment was entered.  Carolina does not now contend that coverage is precluded on the judgment entered against Nanodetex in the underlying action on the claim of tortious interference with prospective business relationships, and has never made such a contention in any materials filed with the Court.

As phrased in its initial motion, the declaration that Nanodetex seeks is overly broad.  It seeks a declaration that the exclusions in the Policy "do[] not preclude coverage for the claim of tortious interference brought against the Defendants in the underlying action."  Doc. 115 at 4.

Because the exclusion is based not on the nature of the cause of action asserted against an insured, but rather only comes into play if particular findings are made against the insured as part of a judgment, a blanket statement that claims for tortious interference are covered would be inappropriate. Perhaps recognizing this, Nanodetex now seeks instead to have summary judgment entered "on the issue of whether Exclusion A precludes coverage for the judgment entered against the Defendants in the underlying action on the claim of tortious interference with prospective business relationships." Nanodetex's Reply to Second Motion for Partial Summary Judgment [Doc. 123] at 2. With this clarification, the Court will grant the summary judgment sought by Nanodetex and issue a finding that Exclusion A of the Policy does not preclude coverage for the judgment entered against Nanodetex and its principals in the underlying case on the claim of tortious interference with prospective business relationships.

    C.    <u>Nanodetex's Motion on How Much Coverage Remained</u>

Nanodetex also sought summary judgment on the issue of how much coverage remained on its diminishing limits insurance policy as of the end of the day on November 8, 2007. *See* Motion on Remaining Coverage [Doc. 117] at 1. Nanodetex contends that this information is relevant to its claim that settlement offers made in the underlying case were within remaining policy limits at the time they were made. In its Response, Carolina presented evidence that creates a dispute of material fact about how much coverage remained at the time of the settlement offers. Due to a discovery dispute that is currently being resolved, Nanodetex contends that it has "been forced into the position of having to agree with [Carolina's] contention that issues of disputed fact prevent this Court from granting summary judgment" on this issue. Nanodetex's Reply [Doc. 133] at 6. Nanodetex has therefore asked that the Court deny its motion on the basis that disputed issues of material fact currently exist. *See id*. The Court will do so.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff/Counter-Defendant Carolina Casualty Insurance Company's and Counter-Defendant Monitor Liability Managers, Inc.'s *Motion for Partial Summary Judgment on the Issue of Damages Available on Counterclaimants' Counterclaim* [Doc. 126] is GRANTED, Defendants/Counterclaimants Nanodetex Corporation, Alan P. Sylwester, and Angelo L. Salamone's *Second Motion for Partial Summary Judgment* [Doc. 115] is GRANTED as detailed herein, and Defendants/Counterclaimants Nanodetex Corporation, Alan P. Sylwester, and Angelo L. Salamone's *Motion for Partial Summary Judgment on the Issue of How Much Coverage Remained on Defendants' Diminishing Limits Insurance Policy at the Time Offers of Settlement Were Made* [Doc. 117] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**